E. Harold Greist and Evelyn B. Greist v. Commissioner.
Greist v. Commissioner
Docket No. 56453.
United States Tax Court
T.C. Memo 1957-125; 1957 Tax Ct. Memo LEXIS 126; 16 T.C.M. (CCH) 537; T.C.M. (RIA) 57125; July 8, 1957
*126 Benjamin Harrow, Esq., and Arthur L. Harrow, Esq., for the petitioners. Emil Sebetic, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income taxes for 1949 in the amount of $2,925.28 against petitioners. The principal issue relates to the deductibility of a net loss in the amount of $10,885.34 sustained in 1949 in connection with the operation of a boat owned by petitioner. By amended pleadings, petitioner seeks to increase the claimed deduction by $2,235. Findings of Fact A stipulation of facts filed by the parties is incorporated herein by reference as part of our findings. Petitioners are husband and wife. They filed their joint income tax return for 1949 with the collector of internal revenue at Hartford, Connecticut. E. Harold Greist will hereinafter be referred to as petitioner. In 1945 and for some years prior thereto petitioner was one of the principal owners of an advertising agency. He suffered from certain digestive disorders that were apparently related to nervous tensions generated by his activities in the advertising business. He was a sailing man, and owned a 28-foot sloop. *127 He found sailing and work about a boat relaxing. He and his wife determined that it would be a good idea ultimately to withdraw from the advertising business and to acquire a larger boat to which he could devote his efforts and have a source of income through chartering the boat from time to time. With that thought in mind petitioner in 1945 purchased a 100-foot twin diesel oceangoing vessel from the War Shipping Administration for $9,010. It had originally been a luxury yacht, but it was in very poor condition at the time petitioner acquired it. Petitioner renamed it the "Harolyn". During the years 1945 through 1948 petitioner completely remodeled the interior of the Harolyn and installed new engines and other equipment. He and his wife lived aboard during most of this period and suffered many hardships. He did not give up his activities in the advertising business and is still so engaged. By 1948 the Harolyn was in "minimal" operating condition suitable for charter service, and petitioner unsuccessfully attempted to obtain charters for her in that year. He had enlisted the help of a number of brokers in 1948 and succeeding years in these efforts. He obtained his first charter *128 in 1949, and the gross income therefrom was $450.51. During subsequent years his gross income from chartering activities increased, although he was still operating the boat at a net loss. Opinion RAUM, Judge: We do not find it necessary to recount all of the evidence, the significane of much of which is disputed by the Government. We are satisfied on the entire record that petitioner was engaged in good faith in a chartering business, but we are also satisfied that petitioner utilized the boat for personal use as well. It is our best judgment on all the evidence that, during the taxable year, 40 per cent of the use represented business use and the remaining 60 per cent represented personal use, and we so find as a fact. This conclusion calls for an apportionment of the net loss stipulated by the parties. We are not satisfied on the evidence that the additional deduction of $2,235 claimed by petitioners is proximately related to the business use of the boat, and, accordingly, no part thereof is properly deductible. Decision will be entered under Rule 50.